United States District Court
Southern District of Texas

**ENTERED**

October 18, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEVILLE AMBROSE DESOUZE, | § | |
| TDCJ #879754, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-23-3935 |
| | § | |
| JOEL OSTEEN, VICTORIA OSTEEN, | § | |
| and LAKEWOOD CHURCH, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Neville Ambrose DeSouze, also known as Ambrose DeSouze (TDCJ #879754), is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He has filed a handwritten Complaint (Docket Entry No. 1), alleging that the defendants have violated his civil rights. Because the plaintiff is an inmate who has not paid the filing fee, the court is required to scrutinize the Complaint under the federal in forma pauperis statute and dismiss the case if it determines that the action is "frivolous or malicious;" "fails to state a claim on which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b). After reviewing all of the pleadings, the court concludes that this action must be dismissed for the reasons explained briefly below.

## I.  **Background**

DeSouze is presently incarcerated by TDCJ at the Wayne Scott Unit in Richmond.[1]  Court records show that DeSouze is confined as the result of a conviction for manslaughter in Harris County Case Number 803558.[2]  DeSouze was charged in that case with killing his own mother by strangling her to death.[3]  DeSouze received a 33-year prison sentence as a result of his guilty plea to those charges.[4]

In his pending Complaint DeSouze sues Joel Osteen and Victoria Osteen of Lakewood Church in Houston.[5]  He alleges that the defendants have "implanted an alien microchip" into his body and that this microchip has been broadcasting "sexually explicit images" to his eyes since 2006.[6]  He accuses the defendants of tampering with his mail, stealing his "inventions and intellectual

---

[1]Complaint, Docket Entry No. 1, p. 2.

[2]See Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition"), Docket Entry No. 1 in DeSouze v. Davis, Civil Action No. H-18-cv-282 (S.D. Tex.), pp. 2-3.

[3]See Charges in Mom's Slaying, Houston Chronicle, 1999 WLNR 7698852 (Jan. 25, 1999);  Man Accused of Killing Mother for Nagging Him, Dallas Morning News, 1999 WLNR 7663189 (Jan. 26, 1999); Police Say Man Strangled Mother Because She Nagged, Fort Worth Star-Telegram, 1999 WLNR 1399348 (Jan. 26, 1999).

[4]See Petition, Docket Entry No. 1 in DeSouze v. Davis, Civil Action No. H-18-cv-282 (S.D. Tex.), pp. 2-3.

[5]Complaint, Docket Entry No. 1, p. 1.

[6]Id.

-2-

property," and sexually assaulting him.[7]

## II.  **Discussion**

The Supreme Court has held that a complaint filed by a litigant who proceeds in forma pauperis may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 109 S. Ct. 1827, 1831-32 (1989). A claim is factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible[.]" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). Included in this class of claims are those "describing fantastic or delusional scenarios" and allegations that are "fanciful" and "clearly baseless." Id. (citations omitted); see also Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999) ("A complaint is factually frivolous when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.") (citations and internal quotation marks omitted).

Desouze's allegation that a microchip has been covertly implanted in his body for an improper purpose is the sort of claim that courts routinely dismiss as factually frivolous. See, e.g., Dodson v. Haley, No. 16-6196, 2017 WL 3224485, at *1 (6th Cir. May 17, 2017) (dismissing as frivolous a prisoner's claim that correctional officers installed "eye cameras" and "thought processing devices" in his body); Golden v. Coleman, 429 F. App'x

─────────────────

[7]Id.

73, 74 (3d Cir. 2011) (dismissing as frivolous a prisoner's claim that prison employees implanted "Government Micro Eye Cameras" in his food, which then attached to the "visual cortex" in his brain and sent images to a computer for broadcast on "prison television"); Manco v. Does, 363 F. App'x 572, 575 (10th Cir. 2010) (dismissing as frivolous the plaintiff's claim that prison officials implanted a tracking device in his jaw to "monitor his thoughts and send him inaudible, profane messages"); Johnson v. Drug Enforcement Agency, 137 F. App'x 680 (5th Cir. 2005) (dismissing as frivolous plaintiff's allegation that the DEA implanted a transmitter in his scalp); Patterson v. UHC Hospital of Lafayette, Civil Action No. 6:17-1383, 2017 WL 6811709, at *1 & *2 (W.D. La. Oct. 31, 2017) (dismissing the plaintiff's allegation that doctors implanted a microchip device in his body during an "illegal surgery" as "so delusional as to warrant dismissal as frivolous") (citations omitted).  Accordingly, this civil action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.  Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The plaintiff's Complaint (Docket Entry No. 1) is **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

3. Prison officials at the TDCJ Inmate Trust Fund shall deduct the filing fee for indigent litigants ($350.00) from the inmate trust fund account

-4-

belonging to the plaintiff, Neville Ambrose DeSouze (TDCJ #879754), and forward those funds when they are available to the Clerk of Court in compliance with 28 U.S.C. § 1915(b) until the entire amount is paid.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to (1) the TDCJ Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, by e-mail: ctfcourt.collections@tdcj.texas.gov; and (2) the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 1<u>0th</u> day of <u>October</u>, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE